UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARTNER, INC.,

              Plaintiff,

    - against -

HCC SPECIALTY UNDERWRITERS, INC. and
U.S. SPECIALTY INSURANCE CO.,

              Defendants.

20-cv-4885 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    The plaintiff, Gartner, Inc. ("Gartner"), has moved to disqualify Norton Rose Fulbright LLP ("NRF") from representing HCC Specialty Underwriters, Inc. and U.S. Specialty Insurance Co. (the "defendant insurance companies") based on NRF's concurrent representation of Garter Australasia, a subsidiary of Gartner, or other Gartner subsidiaries, at the time this litigation arose. Gartner maintains that this representation included advice to Gartner Australasia about layoffs and the cancelation of activities as a result of the COVID-19 pandemic. The defendant insurance companies maintain that the advice that NRF gave to Gartner Australasia has nothing to do with the issues in this case and that any prior advice could not possibly taint the trial process.

    The appropriate standard for disqualification here depends on whether Gartner, the parent company, is so integrated with its subsidiaries that NRF's concurrent representation of Gartner

1

Australasia at the time this lawsuit was brought is the equivalent of its representation of Gartner. See, e.g., GSI Com. Sols., Inc. v. BabyCenter, LLC, 618 F.3d 204, 210-11 (2d Cir. 2010). If Gartner is sufficiently integrated because of operational commonalities and financial dependence with Gartner Australasia, the burden shifts to the defendant insurance companies to demonstrate that the trial process in this case will not be tainted by their attorneys' representation of Gartner Australasia. See, e.g., id. at 209 (holding that "disqualification is warranted only if an attorney's conduct tends to taint the underlying trial" and accordingly, in cases of concurrent representation, "it is incumbent upon the attorney to show, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation" (internal citations omitted)); HLP Props., LLC v. Consol. Edison Co. of N.Y., No. 14-cv-01383, 2014 WL 5285926, at *3-4 (S.D.N.Y. Oct. 16, 2014) (same). The parties disagree on whether there is a possibility of trial taint and, specifically, whether NRF's representation of Gartner Australasia could have anything to do with this case, which turns on issues of insurance coverage.

Gartner has also sought to file an amended complaint in which it seeks to raise additional claims that, it proffers, may show the relevance of NRF's formerly concurrent representation

2

of Gartner Australasia. While the Court did not initially permit the filing of the amended complaint because this case has been stayed on consent until the disqualification motion is decided, it is possible that the amended complaint may shed light on the issue of disqualification. On the other hand, the amended complaint may simply be a tactical ploy to attempt to disqualify NRF and may not raise issues that ultimately affect disqualification. If that were true, the amended complaint would not advance the cause of disqualification. But it is better that these issues be aired sooner rather than later if they are to be aired at all.

It is clear that an evidentiary hearing would be useful to determine the issue of whether Gartner is sufficiently integrated to trigger the disqualification rules that apply to concurrent corporate affiliate conflicts. An evidentiary hearing would also be useful to determine if there is any possibility of trial taint from this concurrent representation. If Gartner decides to file an amended complaint, that amended complaint may or may not assist the Court in determining the issue of trial taint.

Therefore, Gartner may file an amended complaint, if it wishes, by **October 15, 2021**. The time to move or answer the amended complaint is stayed.

The Court will hold an evidentiary hearing on **October 26, 2021** at 9:30 a.m. in Courtroom 14A at 500 Pearl Street, New York, NY, to provide the parties with the opportunity to provide evidence, in addition to the papers already submitted on the issues outlined above. Each party will be given 90 minutes for its examination of witnesses. The Court will also hold a telephone conference on **October 18, 2021,** at 4:00 p.m.

SO ORDERED.

Dated:  New York, New York
        October 5, 2021

                                    _____
                                          John G. Koeltl
                                    United States District Judge