**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARTNER, INC.,<br>Plaintiff,<br><br>v.<br><br>HCC SPECIALTY UNDERWRITERS, INC. and U.S. SPECIALTY INSURANCE COMPANY,<br>Defendants. | No. 1:20-cv-4885 (JGK) (JLC)<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

**WHEREAS**, the parties (the "Parties," each a "Party") to the above-captioned action (the "Litigation") are engaged in discovery proceedings; and

**WHEREAS**, these proceedings will necessarily involve the production of certain information that is confidential, including, but not limited to, financial information and other sensitive and proprietary information; and

**WHEREAS**, the Parties believe that a protective order is necessary to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties, through their undersigned counsel, subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Stipulation and Order") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-party providing Discovery Material (each a "Producing Party") in this Litigation as follows:

**Designation of Discovery Materials as Confidential**

1.  Any Party or Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such party reasonably believes that such Discovery Material constitutes or includes confidential commercial information, personal identifying information, personal financial information, or other information the disclosure of which would breach a legal or contractual obligation ("Confidential Discovery Material"). Confidential Discovery Material shall not include information that: (a) at the time of disclosure is available to the public; (b) after disclosure becomes available to the public through no act or failure to act by any Party to whom material is being produced pursuant to the terms of this Order (a "Receiving Party"); or (c) a Receiving Party can show was independently developed by that Receiving Party or received from a source other than discovery in this Litigation. All designations of material as Confidential Discovery Material shall be made in good faith and not for the purpose of obstructing the effective and efficient administration of justice. Any Producing Party may unilaterally withdraw any "Confidential" designation of its own Confidential Discovery Material at any time in writing.

2.  Information prepared or derived by utilizing Confidential Discovery Material produced by another Party under this Stipulation and Order shall also be considered Confidential Discovery Material.

3.  Discovery Material, including Confidential Discovery Material or any information derived therefrom, shall be used solely for purposes of this Litigation or any other claim or proceeding arising out of or related to the claims and defenses in this Litigation and shall not be used for any other purpose. If a Receiving Party intends to use Confidential Discovery Material produced in this Litigation by a Producing Party in another claim or proceeding, the Receiving

Party must first provide reasonable notice to the Producing Party's counsel of record in the Litigation. This Stipulation and Order shall have no impact on the Producing Party's rights, if any, to object to the Receiving Party's use of the Producing Party's Confidential Discovery Material in another claim or proceeding or the Producing Party's right, if any, to seek a protective order or other relief in connection with the Receiving Party's intended disclosure.

4. The Producing Party shall designate Discovery Material as Confidential Discovery Material in the following manner:

A. In the case of documents or other tangible Discovery Materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, in a metadata field of a database load file, or by affixing the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to the media containing the Discovery Material.

B. In the case of depositions or other pre-trial testimony, including documents first produced during a deposition or other pre-trial testimony; (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony that certain information or testimony is Confidential Discovery Material; or (ii) by written notice, sent by counsel to all Parties within thirty (30) days of the receipt of the final transcript, stating that the entire deposition transcript or testimony, or portions thereof, is Confidential Discovery Material. All depositions or other pre-trial testimony will be deemed to be Confidential Discovery Material until the expiration of the thirtieth day after counsel receive a copy of the final transcript thereof, after which time such deposition and other pre-trial testimony will be treated in accordance with

its confidentiality designation, if any. Only those portions of the transcripts or testimony designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through an agreement on the record at such deposition or testimony, without further order of the Court.

        C.     In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

        5.     A Party may designate Discovery Material produced by a Producing Party to constitute Confidential Discovery Material by written notice to all Parties and Producing Parties that such Discovery Material constitutes Confidential Discovery Material.

        6.     An inadvertent or other failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of the right to assert such designation and may be corrected. A Party may designate as Confidential Discovery Material information that the Producing Party inadvertently or otherwise failed to designate as Confidential Discovery Material at the time of production, (i) by notifying the Receiving Party in writing that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 4. Upon receiving such notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material from the date of such notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, information, or other such materials generated based upon or otherwise derived from such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such written notice, any Receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise

its best efforts to ensure that (i) the return or destruction of such Discovery Material in the possession of any persons not authorized to receive such material under this Stipulation and Order, (ii) any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 3 of this Stipulation and Order.

**Use and Disclosure of Confidential Discovery Material By a Receiving Party**

7.      A Receiving Party may disclose, summarize, describe, characterize, or otherwise communicate or make available Confidential Discovery Material in whole or in part only to the following persons:

A.      Counsel who represent the Parties in this Litigation and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services) to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this Litigation in accordance with this Stipulation and Order;

B.      Officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably deemed necessary, provided such person shall first be advised of the existence and content of this Stipulation and Order and shall execute a Declaration of Compliance with Protective Order in the form attached at Exhibit A (the "Compliance Declaration");

C.      Experts or consultants retained by or associated with any Party and their counsel to assist in the conduct of this Litigation to whom such disclosure is reasonably deemed

necessary, provided such person shall first be advised of the existence and content of this Stipulation and Order and shall execute a Compliance Declaration;

   D. Witnesses or deponents, and their counsel, to the extent reasonably necessary to conduct or prepare for depositions or testimony in the Litigation, except that such a person may only be shown the Confidential Discovery Material during and in preparation for his/her testimony and in reviewing the transcript of his/her testimony and may not retain the Confidential Discovery Material, provided such person shall first be advised of the existence and content of this Stipulation and Order and good faith efforts are used to have such individuals execute a Compliance Declaration;

   E. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting, but only to the extent that such disclosure is reasonably deemed necessary for the conduct of this Litigation, and provided that such persons may not retain any Confidential Discovery Material;

   F. The Court, Court personnel, Clerk of the Court and court reporters and/or videotape operators transcribing or recording any hearing, trial, or deposition in this Litigation or any appeal therefrom;

   G. Any mediator that is engaged by the Parties in an effort to reach a resolution of the Litigation; and

   H. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) a written Stipulation of the Parties, or (iii) a statement on the record by, the Producing Party, provided such person shall first be advised of the existence and content of this Stipulation and Order and shall execute a Compliance Declaration.

**Objections to Designations**

8. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after serving upon counsel for the party designating such Discovery Material or testimony as Confidential Discovery Material a written notice stating with particularity the grounds of the objection and making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order. The Receiving Party may file the Confidential Discovery Materials in question under seal for the Court's *in camera* inspection subject to the governing provisions in the Federal Rules of Civil Procedure and any local rules of the Court or judge presiding over this Litigation. In connection with any such motion, the party designating such Discovery Material or testimony as Confidential Discovery Material bears the burden of persuasion.

9. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order. However, nothing in this paragraph shall be interpreted to limit pre-trial testimony in front of this Court as provided for in Paragraph 21.

10. [intentionally omitted]

11. [intentionally omitted]

12. Counsel for the Party showing Confidential Discovery Material to any person required to execute a Compliance Declaration pursuant to paragraphs 7(B), 7(C), 7(D) or 7(H)

shall be responsible for obtaining such signed declaration and retaining the original, executed copy thereof for the duration of this Litigation and any appeals arising therefrom, or until further order of the Court.

13. Every person to whom Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-party shall enclose a copy of this Stipulation and Order and notify the non-party that the protections of this Stipulation and Order are available to such non-party. The Parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Stipulation and Order.

14. Entering into this Stipulation and Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not:

    A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    B. Prejudice in any way the rights of any Party to object to the relevance, authenticity or admissibility into evidence of any Discovery Material;

    C. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material;

D. Prejudice in any way the rights of any Party to (i) petition the Court pursuant to Federal Rule of Civil Procedure 26(c) for a further protective order relating to the use and handling of Discovery Material including purportedly Confidential Discovery Material or to modify the terms of this Stipulation and Order, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

G. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege, protection or immunity.

15. This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any Party of documents, materials, or information designated as Confidential Discovery Material that have been obtained lawfully by such Party independently of the discovery proceedings in the Litigation, and not otherwise subject to confidentiality restrictions, even if such information or documents are duplicative of Discovery Materials designated as Confidential Discovery Material by another Party.

**Inadvertent Disclosure of Privileged Materials**

16. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that

information should not be made to any Party is inadvertently or otherwise produced to that Party or Parties ("Privileged Information"), such Privileged Information shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine, provided that, within five (5) business days after discovering the production of such Privileged Information, the Producing Party notifies the opposing Party or Parties, in writing, of the production of such Privileged Information and requests its segregation and return or destruction. No Party shall thereafter assert that such production (as opposed to the use) of Privileged Information waived any privilege or protection.

      A.    If a claim of privileged or protected material being produced is made pursuant to this Stipulation and Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the claimed Privileged Information shall: (i) refrain from any further examination or disclosure of the claimed Privileged Information; (ii) promptly segregate and return the claimed Privileged Information and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or, at the direction of the Producing Party, destroy all such claimed Privileged Information (including summaries and excerpts) and all copies thereof, and certify in writing to that fact within five (5) business days of receipt of notice; and (iii) not use the claimed Privileged Information for any purpose unless authorized by further order of the Court or as provided below in Paragraph 16(B). Any analyses, memoranda or notes that were internally generated based upon such claimed Privileged Information shall immediately be treated in conformance with the protected nature of the information.

      B.    Within ten (10) business days of a Producing Party's notice of inadvertent disclosure of claimed Privileged Information pursuant to Paragraph 16(A) of this Stipulation and Order, the Producing Party shall provide a privilege log with separate entries for each item of

claimed Privileged Information. The Producing Party shall also maintain the claimed Privileged Information until the Parties resolve any dispute concerning the privileged nature of the claimed Privileged Information or the Court rules on a motion to compel production of such claimed Privileged Information. If a dispute arises concerning the privileged nature of any claimed Privilege Information, the Parties shall first meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, then the Receiving Party may move the Court for an order compelling production of the claimed Privileged Information on the basis that the information is not in fact privileged; however, such motion may not assert as a ground for entering such an order the fact or circumstance of the production. Any such motion or briefing shall treat the claimed Privileged Information as material that may be redacted from public filings without Court approval and shall not include or otherwise disclose, as an attachment, exhibit, or otherwise, the claimed Privileged Information (or any portion thereof) that is the subject of such motion other than to submit such claimed Privileged Information for *in camera* review by emailing the Privileged Information to Chambers and/or filing such purportedly Privileged Information under seal in accordance with the Court's Individual Rules and Practices. Notwithstanding Paragraph 16(A), the Party receiving the claimed Privileged Information may use such Privileged Information solely for the purposes of briefing a motion to compel production of the claimed Privileged Information, subject to a further order of the Court compelling production.

    C. In addition to the foregoing, pursuant to Federal Rule of Evidence 502, the production and disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege, immunity or protection from production (as opposed to the use of such documents or information) shall not constitute a waiver of the privilege, immunity or protection from discovery in this Litigation or in any other

federal or state proceeding. Specifically, the provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of such materials. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

17. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or immunity or work product protection.

18. In the event that additional Parties join or are joined in the Litigation, they shall not have access to Confidential Discovery Material until each newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

19. It is the present intention of the Parties that the provisions of this Stipulation and Order will govern the production of documents and information throughout discovery in the Litigation. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto that is satisfactory to all Parties, by the Court. Any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

### Use of Confidential Discovery Materials in Court Filings, Hearings and Trial

20. In the event that any Confidential Discovery Material is disclosed in or contained within any document that any Party intends to file publicly in this Litigation, that Party shall notify the Producing Party and any non-party that designated the Discovery Material as Confidential Discovery Material three (3) business days in advance of any such filing to afford the Parties an

opportunity to narrow the scope of any motion to seal. If it is not practical for the Party to provide three (3) business days' notice to the Producing Party and any Party or non-party that designated the Discovery Material to be Confidential Discovery Material prior to filing a document containing Confidential Discovery Material in this Litigation, the Party may file the document including the Confidential Discovery Material with the Court, provided that all Confidential Discovery Material in any publicly filed version of the document shall be redacted or filed under seal in accordance with, and subject to, the Federal Rules of Civil Procedure, any local rules of the Court and the Individual Rules and Practices of any judge presiding over this Litigation. It shall be the burden of the Party who designated the Discovery Material as Confidential Discovery Material to demonstrate to the Court that redaction or sealing is necessary and narrowly tailored to maintain the confidential nature of the Confidential Discovery Material.

21.     In the event that any Party intends to use or rely on Confidential Discovery Material in open court during any court proceeding or as a trial exhibit, that Party may do so provided that it first applies for and obtains an order from the Court maintaining the confidential status of the Confidential Discovery Material or, otherwise, directing that the material become part of the public record without redaction, sealing or otherwise, in accordance with, and subject to, the Federal Rules of Civil Procedure, any local rules of the Court and the Individual Rules and Practices of any judge presiding over this Litigation.

**Obligations on Termination of the Litigation**

22.     After the final disposition of this Litigation, the obligations imposed by this Stipulation and Order shall remain in effect until or unless the Producing Party agrees otherwise in writing or a court order otherwise directs. Within forty-five (45) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other

proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party and subject to records-retention laws, rules, and regulations governing the Parties, all persons having received Confidential Discovery Material shall either: (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law or this Stipulation and Order. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. Nothing in this Paragraph shall override any Party's legal obligation to preserve documents.

23. If a Receiving Party in possession of Confidential Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material (collectively, a "Demand"), the Receiving Party shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five business days, at least 48 hours prior to the deadline for a response to the Demand), identifying the

Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation and Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiving Party with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation and Order.

24. No Receiving Party shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation and Order. Following the date of this Stipulation and Order, in the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, or that any information comes to the Receiving Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiving Party responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. Without prejudice to the rights and remedies of the Producing Party, the Receiving Party responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to retrieve the improperly disclosed Confidential Discovery Material and to prevent further unauthorized disclosure on its own part and further unauthorized

use and disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

25. Upon good cause shown, and upon notice to all Parties, any Party may move to amend the provisions of this Stipulation and Order at any time. No amendment to this Stipulation and Order may be made absent Court order.

26. Notwithstanding any other provisions contained herein, this Stipulation and Order does not limit or restrict any Party from using or disclosing any Confidential Discovery Materials to the extent otherwise required by law.

27. This Stipulation and Order may be executed by facsimile or conformed signature and may be executed in one or more counterparts, each of which shall be deemed an original, but all or which together shall constitute but one agreement.

**DONE and ORDERED** in New York, New York this _11_ day of _August_, 2022.

_____
John G. Koeltl, District Court Judge for the
Southern District of New York

*[Handwritten note:]* This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

So ordered.
JG Koeltl
USDJ
8/11/22

- 16 -

| | |
|---|---|
| **NORTON ROSE FULBRIGHT US LLP** | **SHIPMAN & GOODWIN LLP** |
| */s/ Daniel McNeel Lane, Jr.* | */s/ Andrew M. Zeitlin* |
| Daniel McNeel Lane, Jr. | Andrew M. Zeitlin (AZ 0026) |
| 111 W. Houston Street, Suite 1800 | Tracy Ellis Williams (TW 5813) |
| San Antonio, Texas 78205 | 260 Madison Avenue – 21st Floor |
| Telephone: (210) 224-5575 | New York, New York 10016-2400 |
| neel.lane@nortonrosefulbright.com | Tel.: (212) 376-3010 |
| | azeitlin@goodwin.com |
| Thomas J. McCormack | tewilliams@goodwin.com |
| Allison L. Silverman | |
| 1301 Avenue of the Americas | **ANDERSON & KREIGER, LLP** |
| New York, New York 10019-6022 | |
| Tel.: (212) 318-3000 | */s/ Tamara S. Wofson* |
| thomas.mccormack@nortonrosefulbright.com | Steven L. Schreckinger (MA BBO #447100) |
| allison.silverman@nortonrosefulbright.com | (*pro hac vice* admitted) |
| *Attorneys for Defendants* | Tamara S. Wolfson (MA BBO #554347) |
| *HCC Specialty Underwriters, Inc. and* | (*pro hac vice* admitted) |
| *U.S. Specialty Insurance Company* | David S. Mackey (MA BBO #542277) |
| | (*pro hac vice* admitted) |
| | 50 Milk Street, 21st Floor |
| | Boston, Massachusetts 02109 |
| | Tel.: (617) 621-6560 |
| | Fax: (617) 621-6660 |
| | *Attorneys for Plaintiff Gartner, Inc.* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARTNER, INC.,<br>Plaintiff,<br><br>v.<br><br>HCC SPECIALTY UNDERWRITERS, INC. and<br>U.S. SPECIALTY INSURANCE COMPANY,<br>Defendants. | No. 1:20-cv-4885 (JGK) (JLC)<br><br>**DECLARATION OF COMPLIANCE<br>WITH PROTECTIVE ORDER** |

   I acknowledge that I am to receive, or have received, documents or information pursuant to the terms of the Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Stipulation and Order") in the above-captioned case.

   I acknowledge receipt of a copy of the Stipulation and Order and certify that I have read it, that I will treat all information designated as "Confidential Discovery Material" strictly in accordance with the terms and conditions of the Stipulation and Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Stipulation and Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulation and Order could subject me to punishment for contempt of Court. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on _____ [insert date].

                          _____
                           (Signature)

                          _____
                           (Print Name)