UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARTNER, INC., <br>                      Plaintiff(s), <br> v. <br> HCC SPECIALTY UNDERWRITERS, INC., et al., <br>                      Defendant(s). | 20-CV-4885 (DEH) |
| GARTNER, INC., <br>                      Plaintiff(s), <br> v. <br> AON/ALBERT G. RUBEN INSURANCE SERVICES, INC., <br>                      Defendant(s). | 22-CV-7000 (DEH) <br><br> ORDER |

DALE E. HO, United States District Judge:

      In these actions, Plaintiff Gartner, Inc. sues U.S. Specialty Insurance Company ("USSIC") and HCC Specialty Underwriters, Inc. ("HCCSU") (together, the "HCC Defendants") in No. 20 Civ. 4885 and Aon/Albert G. Rubin Insurance Services, Inc. ("Aon") in No. 22 Civ. 7000. In substance, Plaintiff sues the HCC Defendants, its insurers, for losses incurred as a result of COVID-19 related event cancellations, and Aon, its insurance broker, for any losses not covered by Plaintiff's policies with the HCC Defendants. On April 16, 2024, Plaintiff and Aon filed a joint letter seeking *in camera* review of twenty documents that the HCC Defendants have withheld as protected under the work product doctrine or by attorney-client privilege. *See* No. 20 Civ. 4885, ECF Nos. 199, 200; No. 22 Civ. 7000, ECF Nos. 110, 111. An order issued April 23, 2024, directed HCC Defendants to produce the documents at issue for *in camera* review. *See* No. 20 Civ. 4885, ECF No. 204, No. 22 Civ. 7000, ECF No. 115.

      "Federal law rather than state law governs the applicability of the work-product doctrine in all actions in federal court." *Mt. Vernon Fire Ins. Co. v. Try 3 Bldg. Servs., Inc.*, No. 96 Civ. 5590, 1998 WL 729735, at *4 (S.D.N.Y. Oct. 16, 1998). The work product doctrine protects

from disclosure "any documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative, absent a showing of substantial need." *N.Y. Times Co. v. U.S. Dep't of Justice*, 939 F.3d 479, 489 (2d Cir. 2019); *accord* Fed. R. Civ. P. 26(b)(3)(A). The parties dispute whether the work product doctrine applies, with Plaintiff and Aon arguing that the documents at issue were not prepared "because of" litigation or the prospect of litigation, as required. *See United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998).

The Court has reviewed the twenty documents at issue and finds that the work product doctrine applies to all of the documents. All of the documents post-date the filing of this lawsuit and reflect mental impressions, opinions, and conclusions prepared in anticipation of or because of the litigation.

In the context of allegedly privileged communications with an insurer, "it is necessary to distinguish between documents prepared in the ordinary course of the insurer's business (which by its nature, involves claim investigation and analysis) and documents prepared in anticipation of litigation." *Tudor Ins. Co. v. McKenna Assocs.*, No. 01 Civ. 115, 2003 WL 21488058, at *3 (S.D.N.Y. June 25, 2003); *accord Brook v. Simon & Partners, LLP*, No. 17 Civ. 6435, 2021 WL 5919207, at *4 (S.D.N.Y. Dec. 15, 2021) ("It is firmly established, however, that a document that assists in a business decision is protected by work-product immunity if the document was created because of the prospect of litigation."). The Court finds that these documents fall into the latter camp, and thus they are protected from disclosure.

Plaintiff and Aon argue that even if the work product doctrine applies, the HCC Defendants waived any protection by disclosing the contents of the documents to their reinsurers, reinsurance broker, and adjuster. "Unlike the attorney-client privilege, work product protection is not waived merely because the material is disclosed to a third party. Protection is waived only when work product is disclosed to a third party in a manner that is inconsistent with the purpose

of the protection." *99 Wall Dev. Inc. v. Allied World Specialty Ins. Co.*, No. 18 Civ. 126, 2019 WL 2482356, at *4 (S.D.N.Y. June 14, 2019). "[C]ourts find that the work-product privilege is waived only if disclosure to the third party substantially increases the opportunity for potential adversaries to obtain the information." *Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 341 F.R.D. 10, 14 (S.D.N.Y. Apr. 5, 2022).

Courts have found that communications with "third-party reinsurers" can waive any work product protection, "unless there was a common interest privilege shared by the reinsurer and [the insurer]." *99 Wall Dev. Inc.*, 2019 WL 2482356, at *4. "[T]he interests of the . . . insurer and the reinsurer may be antagonistic in some respects and compatible in others. Thus a common interest cannot be assumed merely on the basis of the status [as a reinsurer]." *North River Ins. Co. v. Columbia Cas. Co.*, No. 90 Civ. 2518, 1995 WL 5792, at *4 (S.D.N.Y. Jan. 5, 1995). Instead, to show a common interest, the party claiming privilege and the third-party "must establish a common legal, rather than commercial interest." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 139 (S.D.N.Y. July 3, 2012). Then, after establishing that a common interest applies, the party claiming work-product protection must also show the communications "are made in the course of formulating a common legal strategy." *Sokol v. Wyeth, Inc.*, No. 07 Civ. 8442, 2008 WL 3166662, at *5 (S.D.N.Y. Aug. 4, 2008).

Applying these principles, the HCC Defendants have not waived the work product protection. First, they introduce evidence that reinsurers in this case share a common legal interest, as they "are subject to potential liability for a judgment entered against, or a settlement entered into by, the HCC Defendants." Decl. of Michael Thompson ¶ 4, No. 20 Civ. 4885, ECF No. 203, No. 22 Civ. 7000, ECF No. 114. Second, upon reviewing the documents at issue, the Court finds that these communications were made to formulate a common legal strategy. Accordingly, the work product protection has not been waived.

Finally, a document subject to work product protection can still be discoverable if the party seeking production "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(a)(3)(A)(ii).  However, even if a party makes this showing, a court must still "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's . . . representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).  In other words, "Rule 26 . . . recognizes as work product both the factual fruits of an attorney's investigations—sometimes referred to as fact work product—and an attorney's mental impressions and opinions—sometimes referred to as opinion work product—but it affords absolute protection only to the latter." *Am. Oversight v. U.S. Dep't of Justice*, 45 F.4th 579, 590-91 (2d Cir. 2022).

Plaintiff and Aon argue that these documents likely contain evidence indicating that the HCC Defendants' understanding of the contracts at issue contradicted later litigation positions. Whether or not Plaintiff and Aon have established the prerequisites under Rule 26(a)(3)(A) (i.e., substantial need and undue hardship), the Court finds there is no way to order disclosure of the documents at issue in accordance with the absolute protection afforded to opinion work product under Rule 26(b)(3)(B).  Accordingly, no exception to work product protection applies.

It is hereby **ORDERED** that Plaintiff and Aon's request for an order compelling production of certain documents listed in the HCC Defendants' privilege log is **DENIED**.

The Clerk of Court is respectfully directed to docket this order in both of the above-captioned cases.

Dated: May 1, 2024
New York, New York

_____
DALE E. HO
United States District Judge